IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RYAN ROLES                                                                    PLAINTIFF

V.                          CASE NO. 5:17-CV-5087

BANK OF AMERICA, N.A.;
MACKIE WOLF ZIENTZ & MANN, P.C.;
TEAVAN STAMATIS; and JOHN DOE                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On August 22, 2017, the Court held a hearing on two pending motions, followed by an initial case management conference. The parties presented oral argument on a Motion to Dismiss (Doc. 6) jointly filed by Defendant Teavan Stamatis and Defendant Mackie Wolf Zientz & Mann, P.C. ("Mackie Wolf"), and a Motion to Dismiss (Doc. 20) filed by Defendant Bank of America, N.A. ("BANA"). The Court ruled on both Motions from the bench, but now issues the following Order to clarify its decision. To the extent anything in this Order differs from what was stated from the bench, this Order will control.

### I. BACKGROUND

Plaintiff Ryan Roles originally filed this case in the Circuit Court of Washington County, Arkansas, and Defendants removed it to this Court on May 17, 2017. The case concerns a non-judicial foreclosure and public sale of real property formerly owned by Jimmie Lee Roles ("Jimmie"), now deceased. In 2003, before Jimmie passed away, he secured a mortgage on his real property with BANA. After his death, the property passed to his sons, Plaintiff Ryan Roles and non-party Casey Roles. Plaintiff now contends that BANA's foreclosure and sale were unlawful.

BANA first attempted to foreclose on the mortgage in 2009, prior to Jimmie's death; however, it appears that the foreclosure and sale were never fully consummated. It remains a mystery, for now, as to exactly why the 2009 foreclosure proceedings were halted, but the Complaint suggests it was because Jimmie and BANA negotiated a release of the mortgage. A document entitled "Release of Mortgage" was discovered among Jimmie's personal effects after his death. The Release, which was attached to the Complaint, was dated March 23, 2010, and contained the notarized signature of a BANA officer. *See* Doc. 3, pp. 53-54. The parties agree, however, that the Release was never filed of record with the County Clerk's Office.

Several years passed after Jimmie's death, during which time no payments were made on the mortgage. Then, on October 20, 2016, BANA filed with the County a document titled "Amended Mortgagee's Notice of Default and Intention to Sell." *Id.* at 58-60. This document states that the real property in question was subject to a mortgage held by BANA, and that a default occurred that was never cured. Accordingly, "the indebtedness was accelerated" and rendered "wholly due." *Id.* at 58. On December 1, 2016, a document titled "Mortgagee's Deed" was filed with the County. *See id.* at 73-77. The Mortgagee's Deed indicates that the property was sold at public auction at the front door of the Washington County Courthouse on November 30, 2016. *See id.* at 75.

The Complaint asks the Court to declare invalid the non-judicial sale of the property and find that valid title resides in Ryan and Casey Roles. The Complaint also purports to bring an unspecified cause of action against: (1) the attorney for BANA, Teavan Stamatis, who communicated with Plaintiff's attorney several times regarding the 2016 foreclosure and ultimately filed the foreclosure and sale papers with the Circuit Court on BANA's

behalf; and (2) Mackie Wolf, the law firm that employs Stamatis. Interpreting the Complaint as liberally as possible, it attempts to state a claim against Stamatis and Mackie Wolf for the negligent pursuit of this foreclosure action on behalf of BANA, since Plaintiff contends that BANA either released the mortgage in 2010, or, if the release was not valid, waited too long to attempt to collect the debt, and the applicable statute of limitations on debt collection expired prior to the 2016 foreclosure. Finally, the Complaint names one more Defendant in the style, "JOHN DOE (Name unknown of person acting as auctioneer for Non-Judicial Sale of Real Property)." However, the body of the Complaint fails to mention John Doe at all.

Defendants' Notice of Removal (Doc. 1) identifies the citizenship of the parties.[1] Both Plaintiff Roles and Defendant Stamatis are citizens of Arkansas; Defendant Mackie Wolf is a citizen of Texas; and Defendant BANA is a citizen of North Carolina. Defendants contend that this Court should make a finding that Stamatis was fraudulently joined in this action, and that his citizenship should be disregarded for purposes of evaluating federal diversity jurisdiction. Defendants further argue that once Stamatis is dismissed and his citizenship disregarded, the Court may exert federal jurisdiction over the claims under 28 U.S.C § 1332(a).

Plaintiff did not file a motion to remand to state court, and also did not discuss the issue of fraudulent joinder in any of his briefs. However, Stamatis and Mackie Wolf filed a joint Motion to Dismiss under Rule 12(b)(6), maintaining that no plausible cause of action was stated against them in the Complaint. In reviewing this Motion (Doc. 6) and Brief in

---

[1] The Complaint does not list the citizenship of each party, but at no point has Plaintiff objected to Defendants' characterization of the parties' citizenship.

Support (Doc. 7), Defendants explain why the claims against them meet the legal standard for dismissal under Rule 12(b)(6), and do not discuss further the issue of Stamatis's fraudulent joinder and the Court's jurisdiction over the case. According to the Motion, the Complaint fails to state a valid cause of action against Stamatis because he is not, and never was, in privity of contract with Plaintiff or the Roles Estate, and he pursued the foreclosure action and sale of the property as part of his duties as counsel for BANA. Stamatis believes that Arkansas law immunizes him from civil liability for performing these professional functions. As for Mackie Wolf, the Motion explains that this Defendant is the employer of Stamatis. As no separate facts are listed in the Complaint as to Mackie Wolf's legal liability, the law firm assumes that it was sued under the doctrine of *respondeat superior*, to answer for Stamatis's alleged acts of negligence.

Plaintiff's Response to the Motion to Dismiss (Doc. 22) also fails to mention the issue of fraudulent joinder, but instead addresses Defendants' argument that the Complaint fails to state claims against them under Rule 12(b)(6). Plaintiff believes that Stamatis's actions were not merely negligent, but amount to an intentional tort of some kind that would remove the matter from the ambit of the attorney-immunity statute codified at Ark. Code Ann. 16-22-310(a). The Court questioned Plaintiff's counsel during the hearing as to what facts in the Complaint state a claim for fraud, and counsel's response may be fairly summarized as follows: Because Stamatis pursued the foreclosure action on BANA's behalf, while ignoring Plaintiff's counsel's repeated warnings that the foreclosure was unlawful, Stamatis committed fraud against the Plaintiff.

BANA also filed a separate Motion to Dismiss (Doc. 20), arguing that Plaintiff should have objected to the foreclosure sale *prior to* the sale. Now, it is too late to object. The

Court tested BANA's argument by posing some questions to BANA's counsel, and in the course of that discussion, counsel admitted that he was not entirely certain whether Plaintiff received actual notice of the 2016 foreclosure, as was required by state law. *See* Ark. Code Ann. § 18-50-104. Furthermore, BANA admits in its briefing that if "the mortgagor establishes . . . a failure to strictly comply with the requirements applicable to statutory foreclosures," his post-sale objections to the foreclosure may be considered by the Court. (Doc. 21, p. 4). Below the Court will address whether Stamatis was fraudulently joined, and then will address Defendants' Motions to Dismiss.

## II. LEGAL STANDARD

### A. Fraudulent Joinder

"While fraudulent joinder—the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal—is rather easily defined, it is much more difficulty [sic] applied." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). District courts have employed varying standards to evaluate whether valid claims exist against a defendant or defendants at the removal stage, including "something close to a dismissal standard." *Id.* at 810. However, the Eighth Circuit in *Filla* clarified that the general "reasonableness" of the underlying state law claims is of "paramount consideration" when conducting a fraudulent joinder analysis:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—

5

> then there is no fraudulent joinder. *See Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc.*, 92 F. Supp. 2d 891, 903 (N.D.Iowa 2000). As we recently stated in *Wiles* [*v. Capitol Indemnity Corp.*, 280 F.3d 868 (8th Cir. 2002], ". . . joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." 280 F.3d at 871. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

336 F.3d at 810 (footnote omitted).

In other words, when analyzing the issue of whether a defendant was fraudulently joined, the court must "simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Id.* at 811. If there is any doubt involved in making that prediction, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor" and remand the case to state court. *Id.*

### B. Motion to Dismiss

To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of a complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

### III. DISCUSSION

#### A. Federal Jurisdiction

The first issue the Court must address is its jurisdiction to hear the case. It appears that at the time of removal, the parties were not diverse as to their citizenship, as the Plaintiff is a citizen of Arkansas and one of the Defendants, Stamatis, is also a citizen of Arkansas. The removal statute at 28 U.S.C. 1441(b)(2) states:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This particular provision in the removal statute is commonly known as the "forum defendant rule." The Eighth Circuit has made clear that a violation of the forum defendant rule "is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005) (quoting *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992)). However, when a diversity-destroying defendant is fraudulently joined, that is, "if the plaintiff's claim against [him] has 'no

7

reasonable basis in fact and law,'" this constitutes an exception to the forum defendant rule. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 977 n.7 (8th Cir. 2011) (quoting *Filla*, 336 F.3d at 810, and observing that "the *Filla* standard remains good law in this circuit").

When faced with a fraudulent joinder argument, the Court must make a threshold finding as to whether the claims against the non-diverse defendant have a reasonable basis in fact and law. If a colorable claim appears to exist, then the Court will lack jurisdiction to hear the case and must remand the matter to state court. If no colorable claim exists, then the Court will dismiss the fraudulently joined defendant and retain jurisdiction over the rest of the case.

Turning to the instant Complaint and the claims asserted against Stamatis, Arkansas law provides that a lawyer cannot be sued in a civil action for damages if he is only advocating a position on behalf of his client. Ark. Code Ann. § 16-22-310 states:

> No person licensed to practice law in Arkansas and no partnership or corporation of Arkansas licensed attorneys . . . shall be liable to persons not in privity of contract . . . for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed . . . .

Exceptions to the general immunity rule exist for "[a]cts, omissions, decision, or conduct that constitutes fraud or intentional misrepresentations," Ark. Code Ann. § 16-22-210(a)(1); but Stamatis's conduct, as alleged in the Complaint, fails to meet any of these exceptions. For example, the Complaint does not assert that Stamatis committed fraud against Plaintiff. Fraud would be established if Stamatis made a knowingly false representation of material fact to Plaintiff, Plaintiff relied on that fact, and Plaintiff was induced to take action to his detriment in reliance on that fact. *See Muccio v. Hunt*, 2016 Ark. 178, at *4-5 (listing elements of a fraud claim). Rather than state a claim for fraud or any other intentional tort,

the Complaint accuses Stamatis of pursuing—on BANA's behalf—a foreclosure action that Plaintiff believes was legally untenable. The Complaint therefore presents no reasonable basis in fact and law for suing Stamatis, and he is **DISMISSED** from the case due to fraudulent joinder. Now that Stamatis is dismissed, the Court exercises valid subject matter jurisdiction over the remaining claims at issue, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

### B. Stamatis's and Mackie Wolf's Motion to Dismiss

Stamatis and Mackie Wolf filed a Motion to Dismiss for failure to state a claim under Rule 12(b)(6). The Motion (Doc. 6) is **MOOT** as to Stamatis, who has already been dismissed under the doctrine of fraudulent joinder, and **GRANTED** as to Mackie Wolf. From the facts in the Complaint, it is clear that Mackie Wolf was named as a Defendant solely in its capacity as the employer of Stamatis. There are no facts that claim that Mackie Wolf took action independently of Stamatis. It follows that since the Complaint fails to present a reasonable basis in fact and law to sue Stamatis, it also fails to state a plausible claim for relief against his employer on a *respondeat superior* theory. Mackie Wolf is therefore **DISMISSED WITHOUT PREJUDICE**.

### C. BANA's Motion to Dismiss

The Court has considered BANA's Motion to Dismiss and finds that Plaintiff has stated a plausible claim for relief. The Motion (Doc. 20) is **DENIED** for the reasons stated from the bench on August 22, 2017.

## IV. CONCLUSION

For the reasons set forth above, and as indicated from the bench during the hearing on August 24, 2017, **IT IS ORDERED** that Defendant Teavan Stamatis is **DISMISSED WITHOUT PREJUDICE** from the suit, due to the Court's finding that he was fraudulently joined.

**IT IS FURTHER ORDERED** that Defendant Stamatis's and Defendant Mackie Wolf Zientz & Mann, P.C.'s Motion to Dismiss (Doc. 6) is **MOOT** as to Stamatis and **GRANTED** as to Mackie Wolf. Mackie Wolf is therefore **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(6).

**IT IS FURTHER ORDERED** that Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that because the Complaint contains no facts concerning Defendant John Doe, who is named only in the style of the case, that party is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 29th day of August, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE